**ETC INTERNATIONAL, INC., Appellant,**

v.

**CURRICULUM ADVANTAGE, INC.; Prime Entertainment, Inc.; Michael Glover; Computer and Controls, Ltd.; Peter Gillette, jointly, severally and individually; Lindsey Cook.**

No. 06–3368.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Jan. 31, 2008.

Filed: April 3, 2008.

Kenneth R. Marshall, New York, NY, for Appellant.

James J. Frost, Michaela A. Smith, McGrath, North, Mullin & Kratz, Omaha, NE, Thomas F. McGuane, McElroy, Deutsch, Mulvaney & Carpenter, Newark, NJ, for Appellees.

Before: RENDELL and CHAGARES, Circuit Judges, and POLLAK,* District Judge.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

The instant appeal revolves around the assertion by Plaintiff–Appellant ETC International, Inc. ("ETC") in its District Court complaint that Defendant–Appellee Curriculum Advantage, Inc. ("Curriculum") committed fraud and breach of contract. The District Court granted Curriculum's motion to dismiss the fraud count and granted summary judgment in favor of Curriculum on the breach of contract count. The District Court also granted summary judgment in favor of Curriculum on its counterclaim for $125,000 for products sold and delivered by Curriculum to ETC for which payment had not been made. ETC has appealed each of these rulings. We will affirm.

ETC is a corporation that provides software and training services for school districts in foreign countries. In April 2000, ETC entered into a contract with Curriculum's predecessor whereby ETC would purchase licenses for Curriculum's educational software, along with the right to resell those licenses throughout the Caribbean. ETC in turn sold a number of the licenses to a local company in Trinidad, Computers & Controls, Ltd. ("C & C"), which had a contract with the Trinidad Ministry of Education to procure educational software for the country's schools. ETC asserts that its contract with Curriculum called for ETC to be the *sole* distributor of Curriculum's software in the Caribbean and thus prohibited Curriculum from selling its own product directly to Caribbean companies or governments. Curriculum, however, subsequently arranged to sell its software directly to C & C. ETC alleged that Curriculum and C & C dealt behind its back, deceived it, and misled it as to what it believed was the exclusive nature of its license-distribution rights.

The District Court summarized the relationship among the parties, in a footnote, as follows:

> From ETC's submissions to the Court, it appears that ETC's role in the transaction was as the "middle-man." Typically, a Caribbean school district would place an order for software with C & C, who would then order the licenses from ETC. ETC would then order the licenses from Curriculum. Upon receipt of the licenses, ETC would sell the licenses to C & C and use funds received from C & C to pay Curriculum. Plaintiff's civil action relates to defendant's sale of software *directly* to C & C, which allegedly eliminated the need for plaintiff's function as a "middle-man."

(App. 9a n. 6.)

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we now have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's grant or denial of a Rule 12(b)(6) motion to dismiss is plenary. *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 266 (3d Cir.2005). Federal Rule of Civil Procedure 12(b)(6) calls for dismissal if a complaint "fail[s] to state a claim upon which relief can be granted." Importantly for this case, Federal Rule of Civil Procedure 9(b) creates heightened pleading requirements for allegations of fraud, requiring the plaintiff to "state with particularity the circumstances constituting fraud." Our review of a district court's grant or denial of summary judgment is also plenary.

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir.2001). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

On appeal, ETC complains that the District Court erred in determining that its relationship with Curriculum was nonexclusive, and by finding that there was no fraud committed by Curriculum in "going behind Plaintiff–Appellant's back to conclude its own deal." (Petr.'s Br. 3.) ETC also challenges both the District Court's failure to find that Curriculum had violated a duty of good faith and fair dealing and its award of summary judgment on the counterclaim notwithstanding Curriculum's alleged fraudulent deception and breach of its duties.

ETC urges that there were genuine issues of material fact with respect to all of these issues, which the District Court ignored. Furthermore, ETC maintains that the District Court should have permitted the case to proceed on the theory of promissory estoppel instead of dismissing it.

We will not recount the extensive procedural history leading up to the District Court's order, but will recount those aspects of the District Court's ruling that compel us to affirm its order.

■ First, the District Court concluded that ETC had failed to plead its claim of common law fraud with sufficient particularity. We agree. ETC's contentions as to fraud are stated in general terms, without sufficiently referencing times, dates, or other specifics. As the District Court noted, ETC appears to allege no more than a breach of an existing contract, rather than a claim of fraud based on this contract. The District Court also noted that "[t]o the

extent that plaintiff alleges that it relied to its detriment on defendant's assurances relating to a future agreement, then the proper claim appears to be one for promissory estoppel, not fraud." (App. 15a.) Unfortunately for ETC, however, it chose to plead a claim for fraud, not promissory estoppel, and did so inartfully. It is for the plaintiff, not the court, to set forth its claims in its complaint; the court has no power, let alone obligation, to amend *sua sponte* a plaintiff's inartful pleading. Furthermore, ETC never requested the District Court to permit it to amend its complaint to include a promissory estoppel claim.

■ ETC's claim that the District Court improperly granted summary judgment on its breach of contract claim is similarly flawed. ETC urges that its agreement with Curriculum gave it exclusive distribution rights in Trinidad, and that Curriculum violated the agreement by dealing directly with C & C. However, as the District Court found, the record is clear that the April 2000 contract specifically states that the grant to ETC of the right to distribute the educational software licenses in the Caribbean constitutes "a nonexclusive agreement." (App. 19a & n. 13.) ETC relies on "sole source exclusivity letters" that, it argues, changed the nature of the contract. However, those letters were not produced to the District Court. Moreover, as the District Court noted, ETC waived any argument regarding the letters when it clearly indicated in its summary judgment brief that it "does not dispute the facts set forth by [Curriculum] in [Curriculum's] twenty paragraph Statement of Material Facts." (App. 13a, 559a). In the Statement of Material Facts to which ETC was referring, Curriculum stated that the April 2000 contract "accurately represents the written terms of ETC's contractual relationship with Curriculum." (App. 434a.) In addition, to the extent they pre-dated the contract and are

inconsistent with its terms, the alleged letters are barred by the parol evidence rule.

ETC urges that even if its breach of contract claim cannot prevail, Curriculum has breached an implied duty of good faith and fair dealing present in all contracts by denying ETC the "benefit of its hard work and excellent contacts in the Caribbean, without which [Curriculum] could initially sell nothing." (App. 21a.) However, as the District Court correctly observed, ETC pled breach of contract, not breach of duty of good faith and fair dealing, in its complaint. As was noted by the District Court, a breach of an implied covenant of good faith and fair dealing is different from a breach of an express contract under New Jersey law, which applies here. *See, e.g., Wade v. Kessler,* 172 N.J. 327, 798 A.2d 1251, 1259 (2002). Moreover, ETC did not plead breach of an implied contract.

Accordingly, we will not disturb the District Court's conclusion that ETC's fraud and breach of contract claims lacked merit. The dismissal of the former and the grant of summary judgment in favor of Curriculum on the latter were both proper.

ETC makes a number of arguments with respect to Curriculum's counterclaim. It maintains that its affirmative claims of fraud and breach of the duty of good faith and fair dealing should entitle it to withhold the $125,000 due for software licenses that Curriculum delivered to it. Also, it

urges that because Curriculum's actions rendered ETC unable to pay for the licenses, the doctrine of impossibility should bar Curriculum's recovery. Based on our discussion of ETC's claims above, and our agreement with the District Court's view of the impossibility defense,[1] we conclude that the District Court properly granted summary judgment against ETC on Curriculum's counterclaim.

In light of the above, we will AFFIRM the Order of the District Court.[2]

---

1. The District Court rejected ETC's impossibility argument, stating:

   Plaintiff entered into a nonexclusive contract with defendant which did not bind nor reference C & C, nor preclude defendant from pursuing other business deals. It is established that Plaintiff ordered licenses from Defendant and failed to pay Defendant within sixty (60) days. Plaintiff did not return the licenses or otherwise attempt to negotiate a new contract with Defendant. In this respect it is clear to the court that Plaintiff's breach was due entirely to Plaintiff's "personal inability ... to perform"

rather than some intervening event. For these reasons, the Court grants summary judgment to Defendant on Plaintiff's defense of impossibility of performance. (App. 25a (citations omitted).)

2. We discuss only Count 1 (fraud), Count 10 (breach of contract), and the counterclaim, as the order of the District Court entered June 14, 2006 was the only order from which an appeal was taken. The remaining counts had previously been dismissed and no appeal was taken from such previous order.